**PARAMONT LAND COMPANY, INC., Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 83–1318.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 7, 1983.

Decided Jan. 31, 1984.

---

Darrell L. Saunders, Anchorage, Ky. (Terry E. Forcht, Forcht & Trimble, P.S.C., Corbin, Ky., Donald R. Pippin, Pippin & Pippin, Norton, Va., on brief), for appellant.

Bruce R. Ellisen, Tax Div., Dept. of Justice, Washington, D.C. (John P. Alderman, U.S. Atty., Roanoke, Va., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, Tax Div., Dept. of Justice, Washington, D.C., on brief), for appellee.

Before RUSSELL and SPROUSE, Circuit Judges, and BRYAN, Senior Circuit Judge.

SPROUSE, Circuit Judge:

Paramont Land Company, Inc. (Paramont), appeals from the district court's judgment, 556 F.Supp. 815, affirming the Commissioner of Internal Revenue's assessment of a capital gains tax on coal royalties Paramont received for the year 1974. Paramont's principal contention on appeal is that its status as Subchapter S corporation exempted it from the tax assessment. We affirm.

Paramont began its coal property leasing business on June 22, 1973, by incorporating under the laws of Virginia. It filed a regular United States corporate income tax return for the taxable year ending December 31, 1973, reflecting earnings from its coal operations for the preceding six months. It, however, changed its filing status for the years 1974 through 1976, electing to file as a small business corporation under Subchapter S of the Internal Revenue Code.

Normally, a Subchapter S corporation's income is imputed directly to its shareholders, not the corporation. The corporation pays no tax because the income is "passed through" and taxed for the first time as the shareholders' income. There is, however, an exception to this general scheme of treatment for Subchapter S taxpayers detailed in I.R.C. § 1374 (formerly § 1378):

> (a) If for a taxable year of an S corporation—(1) the net capital gain of such corporation exceeds $25,000 and exceeds 50 percent of its taxable income for such year, and (2) the taxable income of such corporation for such year exceeds $25,000, there is hereby imposed a tax (computed under subsection (b), on the income of such corporation. . . .
>
> (c)(1) . . . Subsection (a) shall not apply to an S corporation for any taxable year if the election under section 1362(a) which is in effect with respect to such corporation for such taxable year has been in effect for the 3 immediately preceding taxable years. (2) . . . Subsection (a) shall not apply to an S corporation if (A) it (and any predecessor corporation) has been in existence for less than 4 taxable years, and (B) an election under section 1362(a) has been in effect with respect to such corporation for each of its taxable years.

The Commissioner based his assessment against Paramont on this provision after finding that the requisite elements for its application were present. These elements were that Paramont realized a net capital gain of $2,307,638 for the tax year 1974; that it had been in existence for less than four years; and that its election to be a Subchapter S corporation had not been in effect for each of its taxable years.[1]

Paramont's first contention is that the gains it received in 1974 were not "net capital gains" as contemplated in § 1374. It argues that to realize a "long-term net capital gain" there must be a sale or exchange of capital assets as defined in § 1223(1) of the Internal Revenue Code.

---

1. Paramont did not elect Subchapter S status until six months after the corporation came into existence and acquired the taxable property.

The basis of its argument is that a "capital asset" by definition does not include property used in a trade or business. I.R.C. § 1222. Since coal royalties are classified as property used in a trade or business, I.R.C. § 1231(b)(2), it contends that its income from leasing coal property is not derived from a capital asset and § 1374 cannot apply. The fatal weakness in Paramont's position is that it ignores the effect of §§ 631 and 1231 on the operative definition of capital asset as it applies to coal property.

 Income from the sale or exchange of certain natural resources, including coal, is treated specially under I.R.C. § 631(c). This provision treats royalties received from coal leasing operations (with certain adjustments) as gain generated by a "sale" of the coal itself. Under I.R.C. § 1231, gains from the "sale or exchange of property" used in a trade or business, including coal operations, are treated as gains from the sale of a capital asset, although losses from the same transaction are handled as ordinary losses. Reading § 1374 in conjunction with §§ 631 and 1231, we conclude that Paramont's income from leasing of coal properties is a capital gain within the meaning of § 1374(a).

We likewise find no merit in Paramont's contention that § 1374 does not apply to corporations, like itself, that choose to operate under Subchapter S on a continuing basis. The keystone of its argument is that Congress only intended for the § 1374 exemption to apply to those corporations which elected Subchapter S status in a one-time transaction to avoid capital gains treatment for their income in a particular year.

It is true that this type of one-time corporate transaction was the principal target of § 1374. The legislative history of § 1374 makes it plain that Congress was concerned with curtailing the abuse of Subchapter S elections. See S.Rep. 1007, 1966 *U.S.Code Cong. & Ad.News* 2141, 2146, 2147. There is no indication, however, that Congress specifically intended the section to have the extremely limited application which Paramont urges. The language of the section itself defines the corporations which are subject to the exception and is the best indication of what Congress intended.

Paramont concedes that its net capital gain was more than $25,000, that its gains exceeded fifty percent of its taxable income for the year in question, and that its taxable income exceeded $25,000 for that period. It also concedes that it had been in existence for less than four years and that its election to Subchapter S status has not been in effect for all of the taxable years in which it has been in existence. This, under the express terms of § 1374, subjected Paramont's coal property income to a tax assessment, even though it had elected Subchapter S status. Accordingly, the judgment of the district court is affirmed.

AFFIRMED.